1

2

3

4

5

6

7                      UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9

10   JOHN NEBLETT,                              No. C 08-3545 SI (pr)

11              Petitioner,                     **ORDER TO SHOW CAUSE**

12       v.

13   ROBERT L. AYERS, warden,

14              Respondent.
                                            /
15

16                           **INTRODUCTION**

17       John Neblett, an inmate at San Quentin State Prison, filed this pro se action seeking a writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  His petition is before the court for review

19   pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

20

21                           **BACKGROUND**

22       Neblett reports in his petition that he was convicted on an unstated date of second degree

23   murder.  His petition does not challenge his conviction but instead challenges a decision by the

24   Board of Parole Hearings ("BPH") at a May 2, 2007 hearing that found him not suitable for

25   parole.

26       Neblett's petition indicates that he filed unsuccessful habeas petitions in state court before

27   filing this action.

28

**United States District Court**
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Neblett alleges that the BPH's decision on May 2, 2007 that he was unsuitable for parole violated his right to due process because it was not supported by some reliable evidence and was arbitrary and capricious.  Liberally construed, the allegations state cognizable claims for due process violations.  See Board of Pardons v. Allen, 482 U.S. 369 (1987); Sass v. California Board of Prison Terms, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (adopting some evidence standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)).

Neblett also claims the denial of parole breached his plea agreement.  See Petition, pp. 12-16.  This claim will be summarily dismissed without need for further briefing.  The court has already adjudicated Neblett's claim that his plea agreement was breached by the denial of parole in its Order Denying Habeas Petition in Neblett v. Ornoski, No. C 05-4228 SI, pp. 12-13.  Although the claim asserted in the 2005 case was with respect to a 2005 parole denial decision, the basis for the breach of plea agreement claim and the court's analysis of it are the same for the 2007 parole denial decision.  As it determined in the 2005 case, the court now determines that the breach of plea agreement claim is still time-barred and still has no merit because no term of the plea agreement was identified that has been breached.  See id.  The claim is dismissed.

Neblett next claims that the state court's decision on his habeas petition was an unreasonable determination of the law and/or facts, and thereby violated his right to due process.

2

1    Although the state court's decision is relevant for purposes of determining whether habeas relief

2    is possible under 28 U.S.C. § 2254(d), an error by the state court in a habeas proceeding would

3    not establish entitlement to habeas relief.  Errors in the state post-conviction review process are

4    not addressable through federal habeas corpus proceedings.  See Ortiz v. Stewart, 149 F.3d 923,

5    939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997); Villafuerte v.

6    Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997).   This claim is dismissed.

7

8                                              **CONCLUSION**

9          For the foregoing reasons,

10         1.      The due process claims that the decision was not supported by sufficient evidence

11   and was arbitrary and capricious are cognizable and warrant a response.  All other claims are

12   dismissed without leave to amend.

13         2.      The clerk shall serve by certified mail a copy of this order, the petition and all

14   attachments thereto upon respondent and respondent's attorney, the Attorney General of the State

15   of California.  The clerk shall also serve a copy of this order on petitioner.

16         3.      Respondent must file and serve upon petitioner, on or before **January 30, 2009**,

17   an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

18   showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the

19   answer a copy of all portions of the parole hearing record that have been previously transcribed

20   and that are relevant to a determination of the issues presented by the petition.

21         4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

22   with the court and serving it on respondent on or before **March 6, 2009**.

23         IT IS SO ORDERED.

24   DATED: October 28, 2008

                                                SUSAN ILLSTON
25                                              United States District Judge

26

27

28